NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

10th Circuit Court-Brentwood District Division
No. 2020-0506

THE STATE OF NEW HAMPSHIRE

v.

ROBERT A. GRAHAM, JR.

Submitted: September 30, 2021
Opinion Issued: March 29, 2022

John M. Formella, attorney general (Weston R. Sager, assistant attorney general, on the brief), for the State.

Wiberg Law Office, of Portsmouth, (Sven D. Wiberg on the brief), for the defendant.

HANTZ MARCONI, J.  The defendant, Robert A. Graham, Jr., appeals from an order of the Circuit Court (Hall, J.) denying his motion to withdraw his guilty plea and to vacate his conviction.  The defendant argues that the order should be reversed and his conviction vacated because he was denied due process under the State and Federal Constitutions as the circuit court did not: (1) hold a hearing; (2) indicate that it had reviewed the record of the plea hearing; and (3) make written findings of facts and rulings of law to support its denial.  Because we conclude that the circuit court lacked jurisdiction to consider the merits of the defendant's motion, we vacate and remand.

I

The following facts and procedural history are supported by the record. On October 18, 2019, the defendant was arrested and charged with operating after a suspension of his license contrary to RSA 263:64 (2014) and operating after suspension of the vehicle registration contrary to RSA 261:178 (2014). On December 17, the Circuit Court (LeFrancois, J.) held a combined arraignment, plea, and sentencing hearing. At this hearing, the defendant affirmed that he had signed an acknowledgement and waiver of rights form. Pursuant to a negotiated plea agreement, the defendant pled guilty to a violation for operating after a suspension of his license. The court then imposed a fine and penalty assessment of $310.

On September 2, 2020, the defendant, through counsel, moved to vacate his conviction, arguing that his plea was not knowing, intelligent, and voluntary because he was not informed of the State's burden of proving the mens rea requirement of the offense nor was he advised of the potential consequences under the habitual offender statute. The defendant requested that the circuit court grant his motion to withdraw his plea and vacate his conviction; he did not request a hearing. On September 29, the circuit court denied the defendant's motion without holding a hearing. This appeal followed.

II

On appeal, the defendant contends that the circuit court deprived him of due process under the State and Federal Constitutions when it denied his motion to withdraw his guilty plea and vacate his conviction. The State asserts, for the first time on appeal, that the circuit court lacked subject matter jurisdiction to address the merits of the defendant's motion, citing State v. Jaskolka, 172 N.H. 468 (2019). The State contends that because the defendant's motion was filed beyond the thirty-day time period to appeal a violation conviction, the circuit court lacked subject matter jurisdiction to consider his motion. We agree with the State.

Though the issue of jurisdiction was not raised before the circuit court, subject matter jurisdiction may be raised by the parties at any time, including on appeal. See id. at 471. The circuit court is a court of limited jurisdiction with powers conferred upon it by statute. See RSA 502-A:11 (Supp. 2020); RSA 490-F:18 (Supp. 2020). Consistent with this premise, the legislature has prescribed strict time limitations upon a defendant's right to appeal convictions in the circuit courts, see RSA 599:1 to :1-a, which, in turn, impose limitations upon the circuit court's jurisdiction. Jaskolka, 172 N.H. at 471.

This case is similar to Jaskolka, where we vacated a circuit court's order denying a defendant's motion to vacate his conviction and grant a new trial. See id. at 469-70. Jaskolka entered into a negotiated plea agreement, by which

he pled guilty to a misdemeanor, in 1991.  See id. at 470.  Nearly 27 years after his conviction, Jaskolka filed a motion in the circuit court seeking to vacate his conviction, based on an alleged involuntary guilty plea.  See id. at 470, 472.  The trial court denied his motion, noting, among other things, the motion's untimeliness.  See id. at 470.  After review of the circuit court's order, we concluded that the circuit court lacked subject matter jurisdiction to address the merits of the defendant's motion.  Id.  We observed that, because the defendant sought to withdraw a guilty plea and vacate his conviction outside the time limits governing the circuit court's jurisdiction, the writs of habeas corpus and coram nobis were the proper procedural vehicles to seek review of his plea.  See id. at 473.  Because the defendant was not in custody and sought to correct an alleged violation of a constitutional right, we construed his motion as seeking a writ of coram nobis.  See id.  We explained, however, that in the absence of any statutory authority the circuit court lacks jurisdiction to consider the extraordinary relief requested by a petition for a writ of coram nobis.  See id.  Thus, we vacated the trial court's order and remanded with instructions to dismiss for lack of jurisdiction.  Id. at 473-74.

Here, like the defendant in Jaskolka, the defendant is not in custody and seeks to withdraw his guilty plea and vacate his conviction beyond the thirty-day statutory period for direct appeal of a violation conviction.  See RSA 599:1-c, II; Jaskolka, 172 N.H. at 470-73.  As we explained in Jaskolka, the proper procedural vehicle for a defendant seeking extraordinary relief, under these circumstances, is a writ of coram nobis, for which jurisdiction does not lie in the circuit court.  Jaskolka, 172 N.H. at 473.  We, therefore, conclude that the circuit court lacked jurisdiction to consider the merits of the defendant's motion.  See id.

Given our conclusion that the circuit court lacked jurisdiction, we need not address the defendant's remaining arguments.  We vacate the circuit court's order and remand with instructions to dismiss for lack of jurisdiction.

Vacated and remanded.

HICKS, BASSETT, and DONOVAN, JJ., concurred.